LINN *v.* GOURLAY'S ESTATE.

EXECUTORS AND ADMINISTRATORS—LIMITATION OF ACTIONS—JUDG-
MENTS.

> A decree in a suit by plaintiffs against the trustee of
> certain notes to determine their interest therein and for
> an accounting as to certain property turned over by
> decedent, the maker, to said trustee to secure the pay-
> ment of the notes, determining that plaintiffs had a one-
> third interest in the notes and a lien on said property
> subject to the personal lien of the trustee for money
> advanced, did not merge their claim under said notes
> against decedent's estate so as to make applicable thereto
> the statute of limitations applicable to judgments, where
> the decree did not fix the amounts due on the several
> notes, did not find the maker liable for the payment
> thereof nor provide for a personal decree against him
> for any deficiency arising after the sale of the property, and
> their claim against his estate was therefore properly dis-
> allowed because barred by the statute of limitations.

Error to Wayne; Mayne (Frederick W.), J., pre-
siding.    Submitted October 19, 1922.    (Docket No.
180.)    Decided December 5, 1922.

Catherine C. Linn and another presented a claim
against the estate of James Gourlay, deceased, for a
one-third interest in certain notes.    The claim was
disallowed by the commissioners, and plaintiffs ap-
pealed to the circuit court.    Judgment for defendant
on a directed verdict.    Plaintiffs bring error.    Af-
firmed.

*Frank W. Atkinson,* for appellants.

*Munro & Powell,* for appellee.

SHARPE, J.   Plaintiffs presented the following claim
against the estate of James Gourlay:

"The sum of three thousand, three hundred and
thirty-three dollars and thirty-three cents ($3,333.33),
being one-third of the amount due upon certain notes
executed by Gourlay Brothers and James Gourlay,
January 1, 1890, and February 21, 1890, for ten
thousand ($10,000.00) dollars, and of which the said
Catherine C. Linn and Helen G. Linn are the owners
of a one-third interest by virtue of the provisions of
a certain decree entered in the district court of the
United States for the eastern district of Michigan,
southern division, on the second day of October, 1911,
in a certain cause in which Catherine C. Linn and
Helen G. Linn appeared as plaintiffs and John Craig,
James F. Gourlay and Jean Fair Gourlay appeared as
defendants."

It was disallowed by the commissioners on claims.
On appeal to the circuit court it was again disallowed
by direction of the court because barred by the
statute of limitations.    The judgment entered is here
reviewed by writ of error.

The facts tending to support the claim are as fol-
lows:  Prior to February 21, 1890, George Craig, the
grandfather of plaintiffs, had made loans aggregat-
ing $10,000 to Gourlay Brothers, a copartnership, of
which James Gourlay was a member, and to James
Gourlay, individually, and received from them the
notes described in the claim presented.    He turned
these notes over to his son, John Craig.    In 1908,
plaintiffs brought suit in the Wayne circuit court, in
chancery, alleging that these notes were held by John
Craig in trust for himself, for Mrs. James Gourlay,
daughter of George Craig, and for plaintiffs, children
of a deceased daughter; that Gourlay had secured the
payment of the notes by transferring certain property
to John Craig, and praying that their rights to a
one-third interest in the notes be determined, that an
accounting with John Craig be had, and that he be

ordered to pay them their interest in said notes or be required to dispose of the property turned over to him by Gourlay to secure such payment and apply the proceeds of the sale to such purpose. The cause was transferred to the Federal court for the eastern district of Michigan. A decree was made on October 2, 1911, wherein it was determined that John Craig held the notes in trust for complainants, who "became vested with an undivided one-third interest" therein. The lien of the *cestuis que trustent* on the property transferred by Gourlay to John Craig was declared, but was made subject to the personal lien of John Craig thereon for certain moneys advanced by him to Gourlay, fixed by the court at $58,384.74. The decree provided that complainants might have—

"at any time the right to apply to this court for an order directing said trustee, John Craig, to sell the property deeded to him by the said defendants Gourlay, for the purpose of paying the said trust notes."

While the record does not show that such an order was afterwards made, it contains an order confirming a sale, from which it appears that "all the property held in trust in this cause by said John Craig" was sold for $50,000,—less than the individual lien of John Craig thereon.

To the defense of the statute of limitations plaintiffs say that their claim under the notes became merged in this decree, that the limitation statute applying to judgments applies thereto and that the claim is not yet barred by that statute. The decree does not fix the amounts due on the several notes, nor does it find James Gourlay liable for the payment thereof nor provide for a personal decree against him for any deficiency arising after such sale. Neither was any such relief prayed for in the bill of complaint. This is doubtless explained by an allegation in the bill, admitted by James Gourlay in his answer:

"That in 1898 the said James Gourlay went through bankruptcy." We do not think any fair construction can be placed upon this decree which will support the claim here presented.

The judgment is affirmed, with costs to appellee.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.